UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RODNEY J. SMITH,
   Petitioner,

v.

JEFFREY BEARD,
   Respondent.

Case No. 14-cv-05062-RS (PR)

**ORDER REOPENING ACTION;**

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 from his state convictions. The petition for such relief was stayed so that petitioner could exhaust a claim in the state courts. He now moves to reopen the action and has submitted an amended petition. (Docket No. 17.) The motion is GRANTED. The action is REOPENED. The stay is DISSOLVED. The Clerk shall modify the docket accordingly.

The amended petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. It states cognizable claims. Respondent shall file a response to the petition on or before January 23, 2017.

## BACKGROUND

According to the petition, in 2011, an Alameda County Superior Court jury convicted petitioner of sexual penetration with a foreign object, forcible oral copulation, and rape. He was sentenced to a term of 52 years to life in state prison.[1]

---

[1] The sentence was 51 years, according to the state appellate court opinion. *People v. Smith*, A133925, 2013 WL 3043341 at *4 (Cal. Ct. App. June 18, 2013).

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner alleges that (1) defense counsel rendered ineffective assistance; (2) the trial judge was biased, gave jury instructions that lessened the prosecution's burden of proof, wrongly terminated direct examination, improperly suppressed evidence, disallowed witnesses from testifying, and interfered with petitioner's right to present a defense; and (3) the prosecution suppressed evidence favorable to the defense. When liberally construed, these claims are cognizable on federal habeas review.

## CONCLUSION

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within sixty (60) days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by

the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within thirty (30) days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within sixty (60) days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within thirty (30) days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within fifteen (15) days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. The Clerk shall terminate Docket No. 17.

**IT IS SO ORDERED.**

**Dated:**  November 18, 2016

_____
RICHARD SEEBORG
United States District Judge

ORDER TO SHOW CAUSE
Case No. 14-cv-05062-RS
3